IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL ACTION |
| | : | No. 17-208-3 |
| DASSAN CORNISH | : | |

McHUGH, J.                                                                  April 6, 2021

**MEMORANDUM**

      This is a motion for compassionate release under 18 U.S.C. § 3582.  Petitioner Dassan Cornish pleaded guilty to conspiracy to distribute 280 grams or more of crack cocaine and 1 kilogram or more of heroin, 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A), distribution of a controlled substance, 21 U.S.C. § 841(a)(1), (b)(1)(C), and distribution of a controlled substance within 1,000 feet of a playground, 21 U.S.C. §§ 860(a), 841(a)(1), (b)(1)(C).  With an offense level of 30 and a criminal history Category of I, he faced a guideline range of 97 to 121 months in prison.

      Because of the "safety valve," 18 U.S.C. § 3553(e), Mr. Cornish was not subject to a mandatory minimum.  I varied downward from the Guidelines and imposed a sentence of 84 months.  Mr. Cornish has now served approximately 49 months of that sentence.  He now seeks early release due to his medical circumstances in light of the COVID-19 pandemic.  ECF 467.

      Having reviewed the record, and for the reasons stated below, the motion will be denied.

      The statute requires "extraordinary and compelling reasons" in order to grant release. 18 U.S.C. § 3582 (c)(1)(A)(i).  After reviewing Mr. Cornish's motion, along with his medical records, I cannot say that his medical condition is one that rises to that level.  *See* Resp. Opp'n, Ex. A, ECF 471.  Although Mr. Cornish presents with two conditions that, according to the

Centers for Disease Control and Treatment ("CDC"), "may" lead to an increased risk of severe cases of COVID-19—obesity and hypertension—his level of obesity is mild.[1]  ECF 467.  And it appears he has been successfully treated for his hypertension since at least April of 2019.  *See* Resp. Opp'n, Ex. A, at 9, 20, 78, 83, ECF 471.  Importantly, he is only twenty-nine years old.  *Id.* at 1.  According to the Centers for Disease Control and Prevention ("CDC'), "more than 95% of COVID deaths occur in people older than 45."[2]  *See United States v. Whiteman*, No. CR 15-00298, 2020 WL 4284619, at *1 (E.D. Pa. July 27, 2020)

      Mr. Cornish also raises his diagnosis of asthma as a basis for relief.  Mot. Compassionate Release 1, ECF 467.  According to his medical records, Mr. Cornish suffers from "mild, persistent asthma."  Resp. Opp'n, Ex. A, at 78, ECF 471.  He uses his Albuterol inhaler approximately once or twice per week during allergy season, and otherwise "sparingly."  *Id.* at 13.  As my colleague Judge Kearney has noted, "there are four generally accepted categories of asthma severity: (1) mild intermittent; (2) mild persistent; (3) moderate; and (4) severe."[3]  *United States v. Slone*, No. CR 16-400, 2020 WL 3542196, at *5 (E.D. Pa. June 30, 2020) (internal citation omitted).  And, according to the CDC, only moderate to severe asthma may

---

[1] Mr. Cornish's BMI is 30.  Resp. Opp'n Memo. 13, ECF 470.  Within a category of three classes, and with Class III being the most severe, Mr. Cornish's BMI falls into Class I, the category of lowest severity.  CENTERS FOR DISEASE CONTROL AND PREVENTION, DEFINING ADULT OVERWEIGHT AND OBESITY, https://www.cdc.gov/obesity/adult/defining.html.

[2] CENTERS FOR DISEASE CONTROL AND PREVENTION, PEOPLE WITH CERTAIN MEDICAL CONDITIONS, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

[3] *See also* UNIVERSITY OF MICHIGAN HEALTH LIBRARY, CLASSIFICATION OF ASTHMA (last visited April 5, 2021) (citing NATIONAL HEART, LUNG, AND BLOOD INSTITUTE, NATIONAL ASTHMA EDUCATION AND PREVENTION PROGRAM, EXPERT PANEL REPORT 3: GUIDELINES FOR THE DIAGNOSIS AND MANAGEMENT OF ASTHMA, 2007, https://www.nhlbi.nih.gov/sites/default/files/media/docs/EPR-3_Asthma_Full_Report_2007.pdf).

lead to an increased risk of severe illness from COVID-19.[4]  Mr. Cornish's mild asthma is not an extraordinary and compelling reason to grant relief under these circumstances.  *See id.* at 5.

Although Mr. Cornish's fears about the pandemic are understandable, the Court of Appeals had made clear that "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." *United States v. Raia,* 954 F.3d 594, 597 (3d Cir. 2020).  This Court is aware of the fluctuating situation at FCI Petersburg Low, and that, as of January 2021, 185 inmates had reported positive since the start of the pandemic.  Resp. Opp'n Memo. 8, ECF 470.  At this point, however, there is only one confirmed active case amongst inmates.[5]  And I have previously detailed the comprehensive steps being taken by the Bureau of Prisons to combat COVID.  *See United States v. Robinson,* 466 F. Supp. 3d 524 (E.D. Pa. 2020).

In sum, having reviewed multiple decisions from many district judges, Mr. Cornish's case falls well outside the matrix where release was granted.  It is instead analogous to cases where relief was denied.  *See, e.g.*, *United States v. Whiteman*, 2020 WL 4284619, at *1-2; *United States v. Slone*, 2020 WL 3542196, at *5-7.

Finally, aside from the fact that Mr. Cornish has failed to demonstrate "extraordinary and compelling" reasons for release at the outset, an analysis of all pertinent factors, including those set forth in 18 U.S.C. § 3553(a), further weighs against release.  Mr. Cornish's offenses are serious—they involve a conspiracy to distribute large quantities of heroin and cocaine over the

---

[4] CENTERS FOR DISEASE CONTROL AND PREVENTION, PEOPLE WITH CERTAIN MEDICAL CONDITIONS, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

[5] In addition, thirteen staff have tested positive.  *See* FEDERAL BUREAU OF PRISONS, COVID-19, https://www.bop.gov/coronavirus/ (last visited April 5, 2021).

course of a year, including sales near a children's playground.  He has served only approximately 49 months out of an 84-month sentence. His release nor in the absence of compelling circumstances would not reflect the seriousness of his crimes, promote respect for law, or adequately deter him from future criminal behavior.

      For these reasons, the motion will be denied.


                                        /s/ Gerald Austin McHugh
                                    United States District Judge